**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

EDDIE ESTEPP,

     Plaintiff,

v.           CIVIL ACTION NO.  2:10-cv-01046

KWV OPERATIONS, LLC, et al.,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 4].  For the reasons provided below, the motion is **DENIED**.

**I. Background**

On June 25, 2010, the plaintiff, Eddie Estepp, filed this action in the Circuit Court of Mingo County, West Virginia, naming KWV Operations, LLC ("KWV Operations"), and Kenneth Adamson, an individual, as defendants.[1]  On August 25, 2010, the defendants timely removed the action to this court, asserting that diversity jurisdiction was proper because the parties were citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  More specifically, the defendants maintain that the plaintiff is a citizen of West Virginia, that KWV Operations is a citizen of Maryland, and that Adamson is a citizen of Pennsylvania.

---

[1] In the Complaint, the plaintiff named "Ken Anderson" as the defendant.  The parties now agree that this defendant's proper name is "Kenneth Adamson."

On September 1, 2010, the plaintiff moved to remand the action to state court, contending that Adamson was in fact a citizen of West Virginia at the time the action was filed.  According to the plaintiff, Adamson "has lived in West Virginia for more than one year, and he has maintained a vehicle registered in West Virginia with West Virginia license."  (Mot. to Remand 2.) In support, the plaintiff submitted two documents: one purporting to show that Adamson has a telephone listing in West Virginia, and another showing that earlier this year he paid personal property taxes in West Virginia on a vehicle.

The defendants filed a timely response, accompanied by numerous exhibits, contending that Adamson has been a long-time citizen of Pennsylvania, where he has owned his permanent home since 1993.  Adamson has also submitted an affidavit attesting that he has previously moved to Maryland and Virginia to serve his employer, that he moved to West Virginia in 2007, "pursuant to an assignment by [his] employer," and that he resides here in housing furnished by the employer (Adamson Aff. [Docket 8-1] ¶ 7.)  In fact, Adamson states that he resides in a home in West Virginia that is owned entirely by his employer and provided to him free of charge.  Adamson avers that, if his employment were to cease, he would return to his permanent home in Pennsylvania, and that he does not, nor did he ever, "intend to become a resident, citizen or domiciliary of West Virginia." (*Id.* ¶ 11.)  The defendants have submitted documents establishing that Adamson has paid state and local real estate taxes in Pennsylvania, that he has filed his federal and state income tax returns as a Pennsylvania resident, that he has titled and registered two vehicles in Pennsylvania, and that he

has a Pennsylvania driver's license.[2]  The plaintiff has not submitted any reply to the defendant's response or supporting decrements.  The matter is now ripe for review.

## II.    Discussion

An action may be removed to federal court if it could have originally been brought in federal court.  28 U.S.C. § 1441.  Federal district courts have original diversity jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

For purposes of diversity jurisdiction, an individual's citizenship is determined by his or her domicile.  *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).  A person's domicile is established by physical presence, coupled with "an intent to make the State a home." *Id.*  Thus, mere residence in a state, standing alone, is insufficient to establish domicile. *Id.* ("For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship.").  Moreover, "to effect a change in citizenship from one state to another there must be residence in the new domicile and an intention to remain there permanently or indefinitely." *Webb v. Nolan*, 484 F.3d 1049, 1051 (4th Cir. 1973).

In addition to Adamson's affidavit, which asserts that he is a long-time Pennsylvania citizen with every intention to remain there, the defendants have submitted sufficient evidence – which is unchallenged because of the plaintiff's failure to reply – establishing Adamson's Pennsylvania

---

[2] In reference to the personal property tax documentation submitted by the plaintiff, the defendants admit that Adamson recently purchased a Harley-Davidson motorcycle in Kentucky, that the registration has not yet been transferred to Pennsylvania, and that, as a result, Adamson has paid property taxes on the motorcycle in West Virginia.

citizenship.  In addition to owning a home there since 1993, Adamson has paid real estate and income taxes as a Pennsylvania citizen.  And, contrary to the plaintiff's assertions, Adamson has registered and titled two of his three vehicles in Pennsylvania and also maintains a Pennsylvania driver's license.  In essence, the plaintiff argues that Adamson is a West Virginia citizen simply because he resides here in housing provided by his employer.  The Fourth Circuit has explained, however, that residency alone is insufficient to establish citizenship.  *See Johnson*, 549 F.3d at 937 n.2.  That is especially the case where the residency in West Virginia is due, as it is here, to Adamson's employment in the state, and where the residence itself is actually being furnished by the employer.  In short, the materials before the court fail to establish that Adamson is domiciled in West Virginia, for they do not support any intention on his part to remain in this state permanently or indefinitely.  For these reasons, I **FIND** that the defendant, Kenneth Adamson, is a citizen of Pennsylvania.  Because the parties are diverse and the amount in controversy exceeds $75,000, the defendants' removal based on diversity jurisdiction was proper.  Accordingly, the Motion to Remand [Docket 4] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        October 19, 2010

Joseph R. Goodwin, Chief Judge

-4-